

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2005

# USA v. Naus

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3963

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Naus" (2005). *2005 Decisions.* Paper 382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3963
_____

UNITED STATES OF AMERICA

v.

ROBERT NAUS,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 77-cr-00194-7)
District Judge: Honorable John P. Fullam

_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2005

BEFORE: RENDELL, AMBRO and FUENTES, CIRCUIT JUDGES

(Filed:  October 19, 2005)
_____

OPINION
_____

PER CURIAM

In 1977 Robert Naus was convicted of federal drug charges and sentenced to three

years' imprisonment; we affirmed the following year.  Meanwhile, Naus was convicted in

the Delaware County, Pennsylvania, Court of Common Pleas of first degree murder and

rape.  In 1980 Naus filed a motion requesting credit against his federal sentence for time

served in state custody. The District Court denied the motion after oral argument and again we affirmed. United States v. Naus, C.A. No. 80-2359 (3d Cir. June 25, 1982). Naus subsequently escaped and remained a fugitive for seven years. After he was returned to state custody, Naus filed a motion pursuant to 28 U.S.C. § 2255 challenging his federal conviction. We affirmed the denial of that motion in 1994. United States v. Naus, C.A. No. 93-1538 (3d Cir. February 3, 1994).

Nine years later, Naus filed a motion requesting a copy of his federal sentencing transcripts, claiming that they would prove that he is entitled to credit against his federal sentence for time served in state custody. Naus captioned the motion with the docket number for his federal criminal case and the motion was entered on that docket. The District Court initially granted the motion but, on learning that the transcript was not available (evidently the hearing was not transcribed and the stenographer's notes were destroyed years ago) subsequently denied it. The court noted this could not prejudice Naus because he is bound by the District Court's 1980 denial, affirmed by this Court, of his petition for sentencing credit. This appeal followed. The government argues that the appeal should be dismissed for lack of jurisdiction and, alternatively, that it is meritless.

**I**

The District Court's order denying Naus's motion was entered on September 8, 2004. If the motion is treated as a continuation of the underlying criminal case, the appeal must be dismissed as untimely. Pursuant to Fed. R. App. P. 4(b)(1)(A), Naus's notice of appeal was due within ten days. However, the notice, which is dated October 5,

2004, was not filed until October 12, 2004. Even deeming the appeal filed on the day Naus dated it, it was untimely. The record does not suggest any reasons to extend the filing deadline, and Naus has not responded to the Government's brief with reasons why we should do so. Because timeliness is a mandatory jurisdictional prerequisite, we lack jurisdiction. United States v. Robinson, 361 U.S. 220, 229-30 (1960).

However, if Naus's motion is construed as a separate civil action challenging the execution of his sentence under 28 U.S.C. § 2241, the appeal would be timely because it was filed within 60 days. Fed. R. App. P. 4(a)(1)(B). Giving Naus the benefit of the doubt as a *pro se* litigant, we so construe it because although Naus does request transcripts, the main focus of his motion – like his appellate brief – is explaining why he believes he should receive credit against his federal sentence. Moreover, the District Court effectively addressed this argument on the merits.

## II

On appeal, Naus asserts that "it is hard to believe" that the hearing would not have been transcribed and/or that the stenographer's notes would have been destroyed. Be that as it may, he provides no reasons to doubt the District Court's finding that there is, in fact, no transcript and nothing to transcribe. In light of that finding, we can hardly fault the District Court for denying the motion for transcripts. Moreover, as the District Court explained, Naus litigated the underlying substance of his motion more than 20 years ago. Our decision in United States v. Naus, C.A. No. 80-2359 (3d Cir. June 25, 1982), affirming the District Court's rejection of his sentence credit argument, is now the law of

the case.  Naus is essentially asking us to overrule that decision, but we cannot do so absent such extraordinary circumstances as where the initial decision was clearly erroneous and would work a manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  That is hardly the case here.  Accordingly, we affirm the judgment of the District Court.